Morning, morning all. We'll hear the first case on the calendar, Smith v. City of New York. You want a good morning again, may it please the court. As I'm sure you know, this is a civil rights action. When my client, Mr. Smith, who at the time was a 19-year-old African-American youth who lived in the Park Hill section of Staten Island, which, may I say, not the high rent district, I guess I should put it that way. In any event, he was arrested for offenses involving marijuana. I would like the court to know that at his arraignment, approximately 30 hours after his arrest, the Richmond County DA's office saw fit to dismiss this case against him in its entirety. Certainly, that's not dispositive on the issue of probable cause, but I think it's an indication. The defendants, the city, have sought to defend this case without any depositions. They are trying to establish probable cause for Mr. Smith's arrest through police reports. I'd like to spend a couple minutes in a moment going through those reports one by one. I think the city tells us in its brief that I am only questioning them because they might be inadmissible at trial. I think there's more than that. I think if you look at these reports, they are incomplete, they are inconclusive, and at least in one incidence, I think they contradict themselves. Naturally- Can I ask you just- Yes, certainly sir. If I could. So, is it not the case that material relied on on summary judgment need not be in the form presented to district court, as long as the evidence will be in admissible form at trial? I think your honor is stating the law correctly. However, I believe there's an exception in the federal rules of evidence if we can show, meaning the plaintiff, that there is something inadmissible or something unreliable about those police reports. You may be able to defeat that summary judgment motion relied upon by the city, which is what we're appealing from. So if the statements could be offered for the fact that they were made to the defendants, and were relevant to the probable cause inquiry, how would you respond? If I might, your honor, I'll only take a moment or so. I can go through those reports and try to explain to you what's wrong with them. Please do. Directing the court's attention to A-20, this was a case where they used information from a confidential informant to try to develop information leading to a search warrant, which in turn was executed by the defendants themselves. I think it's extremely important to note that Mr. Smith, the plaintiff, defendant in the underlying case, was not inside that apartment when the warrant was executed. The only way the defendants can link Mr. Smith to the drugs that were supposedly found in the apartment is through the doctrine of constructive possession. But isn't it that, I mean, if those statements were made not for their truth, but simply to indicate that those statements were made to the defendants as relevant to the probable cause inquiry, the hearsay rule wouldn't be implicated, would it? I think that's true, but I think I can point out some things that may go to the weight afforded to these documents, these police reports, which might cause the court to disbelieve them. Please. Might or should have to? I'm sorry, your honor? Which might cause the court to disbelieve them or which of necessity require the court to disbelieve them? Your honor, I would not presume to tell you what you have to do. I would strongly urge the court that these reports should be disbelieved. Please bear in mind that the individual who set this whole process in motion is a confidential informant. He's a person who gets money for information about drugs. Right, and I've dealt with and have- Sure you have. Sure you have. The opportunity to work with officers who've had to deal with or who have dealt with confidential informants. Why don't you take us through this, because I want to take you through this. Okay, certainly. Okay. But I don't want to interrupt you. There's statements by the defendant, I'm drawing your attention to A-20. We're there. That's a report that they use to sort of set the stage about this whole thing. Which paragraph are you in? Two and three, your honor. There's a buy supposedly made on February 13th from an unnamed individual. And then there's a buy on February 14th made by an unnamed individual, or from an unnamed individual. There's no details given by this confidential informant as to a description of the person he bought from. His age, his sex, his race, nothing at all really. I would also respectfully point out that if you page through to the end, just give me one second, please, your honor. Well, as we're looking at these, just one of the underlying question, or one of the questions I have about this is, it appears to me that the Supreme Court over a long line of cases back from the 60s, which guided all of us who were doing prosecution in the 70s and 80s, have said, look, indicate why the informant has, why you believe, why you, the affiant, believe the informant. And that's good to go as far as probable cause is concerned, which is all that we're talking about here, right? We know nothing about him, really, your honor. Well, he's engaged in a couple of successful buys, according to the affiant. Well, it would strike me that the city, if they were going to rely on that, should say yes, that there were eight buys, and this is what happened to them. There's no information at all about the prior work of this informant. But there's information about the current work. Yes, and if you look, I'm almost out of time, your honor, because I want to save something for rebuttal. I mean, isn't this the kind of information that the US Supreme Court has said magistrate judges are allowed to rely on when they issue warrants? Yes, they can, but I don't think that this informant has given enough information to the police to make them reliable. Wouldn't he give a description? Wouldn't he say- Can you get a search warrant based on this? Yes. All right, so one judge, at least, of the court has already found that there's probable cause here. Again, your honor, I have to, well, I'm out of time, I'm sorry. Maybe I can deal with this on rebuttal. No, please finish your thought. Okay. None of the normal indications of somebody being in constructive possession of an apartment are present here. They never say that Mr. Smith has any keys. They never say that Mr. Smith has his name on a lease. As a matter of fact, directing your attention to A21, the police do a background check on an apartment. That's in paragraph five there. There's an indication that the utility bill's in somebody else's name. That's in G. And there's an indication that Mr. Smith has no license there. There also seems to be an indication that four people, not just one, were arrested that day. How this confidential informant could say with any certainty that this particular bedroom was the bedroom of Mr. Smith is really beyond me. He also refers to him as JD Pop, and this is a 19-year-old kid. That's not normally, I think, a nickname that somebody of that age would have. Thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the court, Emma Grunberg representing the defendant officers. The record in this case amply shows that the officers had probable cause to arrest Smith for criminal possession of marijuana. With regard to the identification of Smith, before the confidential informant conducted the two control buys from the apartment in question, he did identify Smith and two other suspects from a photo array in the presence of Sergeant Chernyofsky, who led the execution of the search warrant. In addition, the nickname Pop, it wasn't a nickname that we claim that Smith had with his friends. It was a nickname chosen by the confidential informant simply for the purpose of identifying Smith confidentially. I suppose it could refer to an effervescent soda, too, couldn't it? It could, Your Honor. Do we know why the charges against, do we know anything about why the charges were dismissed against Smith at the arraignment? I personally do not, Your Honor, and it's not in the record. I'm not sure. I know that there was another defendant who brought another civil rights claim based on this series of events. And the charges against him were also dismissed. In that case, however, there was nothing tying that specific person to the apartment here. And so the confidential informant didn't say all of these people, all of these defendants lived in the apartment. He specifically said there were three people who lived in the apartment, and he drew the officers a diagram indicating which bedroom belonged to which person. And he had that information because he'd gone into the apartment twice to execute these controlled buys from Smith and from one other person. And as Your Honor mentioned, there are a certain dish of reliability that this confidential informant had. In the past, police had executed at least eight search warrants and recovered narcotics based on his information. A judge in a different case, a prior case, had examined him and found him reliable. And also, the circumstances that the officers confronted at the scene only bolstered his reliability. They did find drugs and paraphernalia in the apartment. And they also found Smith, whom the confidential informant had previously identified in a photo array, as living in the apartment directly outside the building. So there's nothing about the circumstances the officers confronted that might have led them to disbelieve the information they received. With regard to the question of which crime Smith was arrested for, of course probable cause can go to any crime, not just the crime on the charging document. But in this case, he was arrested for fifth degree criminal possession of marijuana, which requires knowing an unlawful possession of 25 grams or more, which is approximately one Ziploc bag of marijuana. Here, the officers found 15 bags of apparent marijuana in the bedroom, identified as belonging to Smith. So whether or not he would have been guilty of possession of that amount at trial, which is certainly not something that is at issue in this case, there was probable cause to believe that that was over 25 grams. And one of those bags was tested and found positive. In terms of whether he had dominion and control, the confidential informant who did have these indicia of reliability identified the bedroom as his. There was paraphernalia, drug paraphernalia, indicating that the marijuana wasn't just stashed away, it was being used. And then, of course, the confidential informant stated that he, in fact, bought drugs from Smith specifically on a previous occasion. And just with regard to the issue of whether there were depositions in this case, just to clarify, below, the defendants requested permission from the district court to move for summary judgment prior to the close of discovery, and stress that here, there was really no disputed issue of fact, because all of the information that went to probable cause was given to the officers outside of Smith's presence, so it's hard to know what would be disputed. The question was whether that information standing alone was enough. The court asked the plaintiff to respond. The plaintiff missed the deadline, so the court added an additional seven days for the plaintiff to issue a response why discovery should continue prior to summary judgment. And the plaintiff didn't submit a response. So the plaintiff did have adequate time to explain, this is why we need to depose these witnesses. These are the additional facts we need, and didn't do so. And we would submit that the record here is amply supportive of probable cause. And if the court has no further questions, we ask that summary judgment be affirmed. Thank you. I hope this answers some of the city's arguments at least. The arresting officer here is an individual by the name of Daniel Pantaleo. At that time, he was a police officer. I think the arresting officer in NYPD parliance is sort of an amorphous thing. We know from the search warrant pre-execution plan that he was designated as the arresting officer. Which means, based on my experience, that he certainly will complete all the police paperwork. He may or may not be the person who physically takes charge of the arrestee. Sergeant Chernefsky seems to have a lot of information about this incident. There is nothing in this record to indicate what Sergeant Chernefsky told Mr. Pantaleo or told any other member of his team. In addition, as far as I know, Mr. Pantaleo- What difference does that make? I think that- As long as the accumulated evidence, sorry, accumulated information in the head of the officers is sufficient to provide probable cause to believe that your client committed the crime, even if he was later dismissed. I think you're right, your honor. But I think that Sergeant Chernefsky possibly should have said, I directed this officer or that officer to effectuate the rest. I don't think that officer has a right to say, Sergeant Chernefsky, what's the basis for this? But we have no indication that Sergeant Chernefsky gave an order to any given person. Also, why didn't Mr. Pantaleo just say, listen, I put this fellow under arrest. I was told by my sergeant to do so. We have nothing to indicate that, okay? Or if there was another officer who physically took charge of Mr. Smith, he could have signed a very, very simple affidavit. We've made the allegation that this arrest was without probable cause. It now falls to the defendants to establish that it is. And I'm running out of time here, your honor, but I just want to say briefly, I think I'm sure the court's experienced. Most of these cases are not disposed of at this level. There's some discovery. Mr. Pantaleo is not a famous man now. Yes, sir. Your opponent, counsel, says that the court gave your counsel below, right? And you didn't identify the discovery. I think that is true, but I also believe that would still be incumbent upon the city defendants to bring that evidence forward. If they're going to defeat this motion with just police reports. The complaint was filed on November 14th, correct? Yes. And the defendants only moved for summary judgment in February 2016, correct? I believe that's true, yes. And so, you didn't seek to take any discovery for over a year, is that correct? Well, I think that we had Rule 26 disclosure, which comprised, at least in my view, most if not all of the reports that were produced.  Thank you both for your arguments. The court will reserve decision. Thank you very much.